SCHWARTZ, Chief Judge.
It is unnecessary in this case to decide whether, as the appellant contends, a borrower’s physical possession of the note involved in a note and mortgage financing transaction ordinarily prevails over the security interest of the lender notwithstanding that the lender has recorded an assignment of the mortgage. See J. White & R. Summers, Uniform Commercial Code § 23-7, at 270-72 (3d ed. 1988). Contra Rucker v. State Exchange Bank, 355 So.2d 171 (Fla. 1st DCA 1978), cited in General Elec. Credit Corp. v. Air Flow Indust., 432 So.2d 607 (Fla. 3d DCA 1983). This is because the possession of the particular note in question here was, in fact, initially validly transferred to the lender and was only then wrongfully reacquired and thereafter retained by the borrower. Even the asserted doctrine that the appellee-lender’s security interest fails because of its lack of possession
cannot apply when the party was prevented from taking possession and thus perfecting his legal lien by [a] wrongful detention....
In re Bruce Farley Corp., 612 F.2d 1197, 1201 (9th Cir.1980); see In re Atlantic Mortgage Corp., 69 B.R. 321 (E.D.Mich. 1987) (lender deemed in legal possession of note physically held by borrower as constructive trustee). The latter rule applies here.
AFFIRMED.